IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GLORIA PANKEY | ) | CASE NO.  3:10CV1284 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| WALTER T. MYERS | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Gloria Pankey brings this action for wrongful death under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Plaintiff and Defendant are residents of Ohio. She asserts in her Complaint that the Court's jurisdiction is based on diversity of incorporated business.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)*(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the  reasons stated below, this action is dismissed.

Plaintiff alleges in her Complaint that Defendant broke into the Toledo, Ohio home of her

father, Bishop E.B. Williams, and assaulted him causing his death. While in the home, Defendant allegedly stole her father's property. Further, Defendant slandered the Plaintiff to the congregation of the church and acted as the owner of the organization by changing the constitution to benefit himself.  The Complaint contains claims of trespass, assault, theft, tortious conversion and replevin, mental anguish and emotional distress.

All counts raised in the Complaint constitute state claims. No federal cause of action exists under the facts alleged in the Complaint. Thus, the Court can have jurisdiction based only on diversity of citizenship. 28 U.S.C. 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
> (1) citizens of different states;...

Plaintiff is a resident of Ohio as is the Defendant. As long as a citizen of Ohio is a plaintiff and a defendant, diversity is impossible. Her assertion that jurisdiction exists because of diversity of incorporated business is meritless. There is no business entity named as a party in this case. Therefore, the Court does not have jurisdiction over this case.

Accordingly, this action is dismissed.

IT IS SO ORDERED.


Date:   July 7, 2010                              S/  JAMES G. CARR
                                          UNITED STATES DISTRICT JUDGE


2